IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BROOKLYNN C. CLARK,<br><br>        Plaintiff,<br>v.<br><br>GSL PROPERTIES, INC., CBRE GWS REAL ESTATE SERVICES, INC., ONE + THREE CENTERPOINTE DRIVE, MONICA ULRIG, ANTHONY DOE, JOHN DOE, JON/JANE DOES 1-20, BRYCE SIEBENTHALL, and KIMBERLY CARPENTER,<br><br>        Defendants. | Case No.: 3:24-cv-00409-SB<br><br>ORDER |

**Adrienne Nelson, District Judge**

      United States Magistrate Judge Stacie F. Beckerman issued a Findings and Recommendation ("F&R") in this case on August 26, 2024, ECF [13], in which she recommended that this Court dismiss plaintiff's First Amended Complaint, ECF [12], for failure to state a claim. Plaintiff timely filed objections. *See* Pl. Objs. to F&R ("Objs."), ECF [15]. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

      A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to

1983 amendment.

## DISCUSSION

Plaintiff, a self-represented litigant, brings this action against defendants GSL Properties, Inc. ("GSL"), CBRE GWS Real Estate Services, Inc. ("CBRE"), One & Three Centerpointe Drive ("One & Three"), Monica Ulrig, Bryce Siebenthall, Kimberly Carpenter, Anthony Doe, John Doe, and Jon and Jane Does 1 to 20. Plaintiff alleges discrimination claims based on sex, gender, race, and disability in violation of the Fair Housing Act ("FHA"), Title VII of the Civil Rights Act of 1968 ("Title VII"), and the Americans with Disabilities Act ("ADA"). First Am. Compl. ("FAC"), ECF [12], ¶¶ 1, 3, 33-49. The relevant facts, derived from the amended complaint, are set forth in the F&R.[1] Put succinctly, plaintiff alleges that defendants discriminated against her based on her identity as a Black, transgender woman with a disability. F&R 3-5. The alleged discrimination includes disparate, unlawful rent increases; baseless phone calls being placed to law enforcement regarding plaintiff; and the unlawful retention of plaintiff's security deposit. *Id.*

On April 22, 2024, Judge Beckerman granted plaintiff's application for leave to proceed *in forma pauperis* and ordered plaintiff to show cause why her complaint should not be dismissed for failure to state a claim or, in the alternative, to file an amended complaint. Order of April 22, 2024, ECF [7], at 11. On August 2, 2024, plaintiff filed a First Amended Complaint. On August 26, 2024, Judge Beckerman issued the F&R, recommending that this Court dismiss the amended complaint for failure to state a claim.

Plaintiff timely filed objections to the F&R. Plaintiff's objections can be summarized as follows: (1) the F&R erroneously finds that her amended complaint fails to state a claim, especially with regard to plaintiff's allegations against CBRE, One & Three, Anthony Doe, John Doe, and Jon and Jane Does 1 to 20; (2) it was error to dismiss the case before allowing plaintiff the opportunity to conduct additional discovery and introduce additional evidence, especially because whether there is sufficient evidence of discrimination is a question to be decided by a jury; and (3) plaintiff was unfairly "rushed" into

---

[1] Plaintiff has not objected to the F&R's recitation of the facts.

amending her complaint while undergoing significant personal hardship. Plaintiff's objections are addressed in turn.

### A.        Sufficiency of Factual Allegations

Plaintiff first generally objects to the F&R's finding that the amended complaint does not allege sufficient facts to state a claim. Plaintiff does not object to this finding as it relates to her Title VII claim. Plaintiff generally objects that her ADA claim should survive but does not specifically object to the F&R's finding that plaintiff has not alleged that any of the defendants are a private entity that owns, leases, or operates a place of public accommodation. Consequently, finding no clear error, the Court adopts the F&R's findings as to plaintiff's Title VII and ADA claims and addresses plaintiff's first objection only as it applies to her FHA claim.

"The threshold for pleading discrimination claims under the [FHA] is low." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004). For such claims, there is "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (internal quotation marks omitted) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985)); *see McGary*, 386 F.3d at 1262. A plaintiff is required to allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." *McGary*, 386 F.3d at 1262 (internal quotation marks omitted) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Additionally, self-represented litigants' pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (internal citation and quotation marks omitted), and must be liberally construed and afforded "the benefit of any doubt[,]" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

The Ninth Circuit "appl[ies] Title VII discrimination analysis . . . [to FHA] discrimination claims." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (quoting *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997)). However, at the pleading stage, a plaintiff alleging an FHA discrimination claim need not make a *prima facie* showing under Title VII's *McDonnell Douglas/Burdine* burden shifting

3

analysis. *See Gilligan*, 108 F.3d at 250 (citing *Ortez v. Wash. Cnty.*, 88 F.3d 804, 808 (9th Cir. 1996)). Instead, courts should judge FHA claims "by the[ir] statutory elements[.]" *Id.* (citing *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 926 (8th Cir. 1993)). Under the FHA, a plaintiff holds a private right of action if they are "an 'aggrieved person'" who has been "subjected to 'an alleged discriminatory housing practice.'" *Id.* (quoting 42 U.S.C. § 3613(a)(1)(A)). Housing practices considered to be discriminatory include race and sex discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith," 42 U.S.C. § 3604; the coercion, intimidation, threat, or interference "with any person in the exercise or enjoyment of . . . any right granted or protected by section . . . 3604," *id.* § 3617; and the use of different provisions in sale or lease contracts because of protected characteristics, including race, sex, and disability, 24 C.F.R. § 100.65(b)(1).

A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment, disparate impact, or failure to make reasonable accommodations. *Gibson v. Cmty. Dev. Partners*, No. 3:22-cv-454-SI, 2022 WL 10481324, at *4 (D. Or. Oct. 18, 2022) (citing *Gamble*, 104 F.3d at 304-05; *Ariz. Recovery Hous. Ass'n v. Ariz. Dep't of Health Servs.*, 462 F. Supp. 3d 990, 1001 (D. Ariz. 2020)); *see Budnick v. Town of Carefree*, 518 F.3d 1109, 1113-14 (9th Cir. 2008). To assert a theory of disparate treatment, a plaintiff must allege that they are part of a protected class under the FHA and that the defendant's discriminatory conduct caused the plaintiff to "suffer[] a distinct and palpable injury." *Harris*, 183 F.3d at 1051. "[A]llegations that discrimination was a motivating factor behind a defendant's actions are essential to plead a disparate-treatment claim." *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 972 (9th Cir. 2021).

To assert a theory of disparate impact, a plaintiff must allege "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Gibson*, 2022 WL 10481324, at *5 (citing *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009)). At the pleading stage, "[a] plaintiff must allege facts . . . demonstrating a causal connection." *Id.* (quoting *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 545 (2015)).

4

To assert a theory of failure to make reasonable accommodations, a plaintiff must allege that (1) the plaintiff "suffers from a [disability] as defined by the [FHA]"; (2) "the defendant 'knew or reasonably should have known' of the [disability]"; (3) "accommodation of the [disability] 'may be necessary' to afford the plaintiff an equal opportunity to use and enjoy his or her dwelling"; and (4) "the defendant 'refused to make such accommodation.'" *Id.* at *6 (internal alterations and question marks omitted) (quoting *McGary*, 386 F.3d at 1262); *see Myers v. Highlands at Vista Ridge Homeowners Ass'n, Inc.*, No. 6:20-cv-00562-MK, 2022 WL 4452414, at *9 (D. Or. Sept. 8, 2022) (citing *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003)), *findings and recommendations adopted*, 2022 WL 4447485 (D. Or. Sept. 23, 2022). A plaintiff is considered to have a disability if they have "(1) a physical or mental impairment which substantially limits one or more of [their] major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." *Myers*, 2022 WL 4452414, at *10 (quoting 42 U.S.C. § 3602(h)(1)-(3)). Ultimately, "[t]he reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1418 (9th Cir. 1994) (citation omitted).

   1.   *FHA Claim*

Plaintiff first argues that three allegations alone provide sufficient basis for the action to survive: (1) defendants unlawfully increased plaintiff's rent thirty percent each year; (2) defendants had a "repeated propensity" to make false allegations against plaintiff to law enforcement; and (3) plaintiff has been forced to file a small claims case to retrieve the security deposit being unlawfully withheld by defendants.

Plaintiff's allegations are insufficient to state an FHA claim under either a theory of disparate treatment or disparate impact. Plaintiff alleges that she faced disparate rent increases as compared to neighbors but does not allege facts sufficient to support an inference that the rent increases that she faced were *because of* a protected status or that her neighbors were similarly situated individuals *outside her protected class*. Plaintiff asserts that her "race, gender, departure from gender-based norms, and/or defendants' gender-based stereotyping were motivating factors in defendants' decision[s] to terminate

5

[p]laintiff's housing, over charge [p]laintiff for her housing, and fail to provide equal service and/or benefits." FAC ¶ 35. However, plaintiff alleges no facts to support this assertion. Similarly, plaintiff does not allege facts to support an inference that defendants called law enforcement or withheld her security deposit *because of* her protected status. Without the allegation of such facts, vague and conclusory allegations of violations, such as those set forth by plaintiff, are insufficient to state a claim under a theory of disparate treatment. *See Gibson*, 2022 WL 10481324, at *6 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) ("Although Plaintiff recites the elements of [an FHA] claim . . . , she does not allege facts to support these statements as required to survive dismissal. This is insufficient to state a claim."). Further, plaintiff has not identified any facially neutral practice that adversely or disproportionately impacts persons of a particular type; thus, plaintiff's allegations are insufficient to state a claim under a theory of disparate impact. *See id.*

However, plaintiff *has* pleaded sufficient facts to support a theory of failure to make reasonable accommodations. As the F&R identifies, plaintiff alleges that she has anxiety; she informed GSL of her anxiety and requested an accommodation related to it; Siebenthall and Carpenter requested more information about the accommodation from plaintiff's doctor, which plaintiff provided; and Siebenthall, Carpenter, and Ulrig never responded to nor honored the requested accommodation. F&R 4-5; FAC ¶¶ 18-19, 32-34. Plaintiff's allegations allow this Court to reasonably infer that plaintiff has a disability; GSL, Siebenthall, Carpenter, and Ulrig knew of plaintiff's disability; plaintiff requested an accommodation related to that disability; and GSL, Siebenthall, Carpenter, and Ulrig refused to make such accommodation. *See Gibson*, 2022 WL 10481324, at *6 (citing *McGary*, 386 F.3d at 1262); *Myers*, 2022 WL 4452414, at *9. Though plaintiff's FHA claims are brought on grounds of sex, gender, and race discrimination, the Court liberally interprets the pleadings of a self-represented litigant; thus, based on the context of plaintiff's allegations in the amended complaint, the Court finds that plaintiff has adequately stated an FHA discrimination claim under a theory of failure to make reasonable accommodations. *See Gibson*, 2022 WL 10481324, at *4 (liberally interpreting self-represented litigant's claim to include sex discrimination); *Myers*, 2022 WL 4452414, at *11 (surviving summary judgment on theory of failure to

6

reasonably accommodate despite argument that the plaintiff did not show that the requested accommodation was necessary to ease her alleged disability of anxiety).  However, as described below, plaintiff's FHA claim survives only as alleged against GSL, Siebenthall, Carpenter, and Ulrig.

    2.    *Lack of Personal Involvement*

Plaintiff also objects that her allegations against CBRE, One & Three, Anthony Doe, John Doe, and Jon and Jane Does 1 to 20 are sufficient to withstand dismissal.  To that end, plaintiff argues that the F&R erroneously finds that "[p]laintiff did not show how defendants CBRE, [One & Three], Jennifer Medak and/or John Medak aided and abetted the other [d]efendants[.]"  Objs. 2.  The Court construes plaintiff's references to Jennifer and John Medak to instead refer to Anthony Doe, John Doe, and Jon and Jane Does 1 to 20.[2]

To begin, the amended complaint does not set forth any allegations regarding Jon or Jane Does 1 to 20, and the F&R therefore correctly recommends the dismissal of all claims against those defendants.

Plaintiff's sole allegation against Anthony Doe and John Doe is that both are GSL employees "who attempted to assault Plaintiff and provided false information to law enforcement."  FAC ¶¶ 12-13, 26.  Regarding CBRE and One & Three, the amended complaint sets forth the following allegations.  First, plaintiff identifies each party, alleging that CBRE is the property management company who owns the property where GSL's headquarters is housed, and that One & Three is the property management company that manages the property.  FAC ¶¶ 7-8.  In a conclusory manner, plaintiff also alleges that both CBRE's and One & Three's "actions . . . aided and abetted GSL in its violations[.]"  *Id.* Similarly, plaintiff alleges that all defendants discriminated against plaintiff and all co-defendants of GSL "worked in collaboration" with GSL to deny plaintiff equal rights.  *Id.* ¶¶ 35-37, 44, 46, 48-49.  Finally, plaintiff mentions One & Three when she alleges that GSL falsified claims against plaintiff to law

---

[2] Plaintiff's initial complaint named as defendants three additional individuals: Becky Alexander, John Medak, and Jennifer Medak.  Following Judge Beckerman's order to show cause, plaintiff's amended complaint omitted these individuals as named defendants.  Thus, the F&R considers plaintiff's aid and abet allegations and objections as applied to Anthony Doe, John Doe, and Jon and Jane Does 1 to 20.

enforcement by making statements to One & Three and others. *Id.* ¶¶ 27-28.

Plaintiff's allegations do not state a claim against Anthony Doe, John Doe, CBRE, or One & Three. First, none of the allegations set forth with respect to any of these defendants pertain to plaintiff's remaining FHA claim, which survives solely under a theory of failure to make reasonable accommodations. Because plaintiff does not set forth any allegations to demonstrate that Anthony Doe, John Doe, CBRE, or One & Three were involved in GSL, Siebenthall, Carpenter, and Ulrig's alleged denial of a reasonable accommodation to plaintiff, plaintiff's FHA discrimination claim fails as to Anthony Doe, John Doe, CBRE, and One & Three.

Further, even if plaintiff's other claims or theories remained, plaintiff's allegations against Anthony Doe, John Doe, CBRE, and One & Three would fall short. Plaintiff sets forth no material facts to support the conclusory allegation that Anthony Doe and John Doe attempted to assault plaintiff or provided false statements to law enforcement, or that either alleged event was (1) motivated by discriminatory intent or (2) the result of a facially neutral policy that that adversely or disproportionately affects persons of a particular type. Further, as to CBRE and One & Three, simply owning or managing a property where someone was allegedly discriminated against does not demonstrate personal involvement in that discrimination. Likewise, being the recipient of a false statement does not show personal involvement in the making of that statement. Finally, though plaintiff asserts that each of GSL's co-defendants "aided and abetted" and "worked in collaboration" with GSL, plaintiff does not explain *how* they allegedly did so. Because the amended complaint fails to "demonstrate [Anthony Doe, John Doe, CBRE or One & Three's] personal involvement in a specific . . . statutory violation[,]" *Swanson v. Dep't of Just.*, No. 6:22-cv-01304-MK, 2022 WL 19693710, at *3 (D. Or. Dec. 13, 2022), *findings and recommendation adopted*, 2023 WL 3168696 (D. Or. Apr. 28, 2023), dismissal of plaintiff's remaining FHA claim is appropriate as to Anthony Doe, John Doe, CBRE, and One & Three.

**B.     Procedural Evidentiary Arguments**

Plaintiff next argues that rather than face dismissal, she should be allowed to conduct additional discovery or submit additional evidence in support of her allegations. Regarding the former,

plaintiff asserts that discrimination can occur "without someone using slurs or racist language" and that further discovery will aid her in uncovering defendants' discrimination. Objs. 2. Regarding the latter, plaintiff asserts that she possesses evidence that she should be allowed to submit to the Court, particularly regarding defendant's allegedly unlawful rent increases and retention of plaintiff's security deposit, as well as the incidents with law enforcement. Along similar lines, plaintiff objects that dismissal is not appropriate at this stage because whether discrimination occurred is a question to be decided by a jury. Plaintiff's arguments are unavailing.

Critically, courts evaluate whether dismissal is appropriate by "test[ing] whether the plaintiff has properly stated a claim, not whether the plaintiff will prevail on the merits." *W. Radio Servs. Co. v. U.S. Forest Serv.*, No. 04-1346-AA, 2005 WL 8159761, at *2 (D. Or. May 16, 2005) (citing Fed. R. Civ. P. 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)). On a motion to dismiss, a court generally limits its review to the contents of the complaint and assumes all allegations of material fact to be true. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995) (citation omitted). Plaintiff thus appears to misunderstand the posture of the case. Evidence to support plaintiff's allegations is not necessary when this Court assumes plaintiff's allegations of material fact to be true. And this Court is not acting within the province of the jury when it is not, at this stage, considering evidence at all. To be clear, the problem at this stage is not that plaintiff lacks evidence to support the allegations pleaded, but that the allegations pleaded are—even if proven—insufficient to state a claim for relief. Furthermore, the legal standard for evaluating FHA claims at the motion to dismiss stage is specifically crafted to account for the evidentiary issues that plaintiffs face in the discrimination context. *See Gilligan*, 108 F.3d at 249-50 (emphasis in original) (quoting *Ring*, 984 F.2d at 926) (noting that courts do not require that a *prima facie* case be made at the motion to dismiss stage because the *prima facie* case "is an evidentiary standard [that] defines the quantum of *proof* [a] plaintiff must present[,]" and that "without any responsive pleadings or record evidence . . . the [plaintiffs] do not have the facts they need to allege each of the elements of a prima facie case.").

## C.  Court-Imposed Deadlines and Plaintiff's Personal Circumstances

Plaintiff's final objection asserts that Judge Beckerman "rushed" plaintiff's amended complaint while knowing that plaintiff is disabled, in request of a *pro bono* attorney, and exceptionally busy in her life amidst a move to a new apartment and long hours working as a volunteer firefighter and EMT. Objs. 4.  While the Court is sympathetic to plaintiff's circumstances, those circumstances do not relieve plaintiff of her duty to prosecute this case or the Court of its duty to perform a preliminary screening of plaintiff's *in forma pauperis* complaint.  For this reason, plaintiff's final objection fails.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF [13], in part, but declines to adopt the recommendation that the First Amended Complaint, ECF [12], be dismissed without prejudice.  Accordingly, plaintiff's first claim for relief, sex discrimination; second claim for relief, race discrimination; and third claim for relief, disability discrimination, are DISMISSED without prejudice.  As described herein, only plaintiff's FHA discrimination claim, based on a theory of failure to make reasonable accommodations, remains.  Plaintiff may file a Second Amended Complaint within thirty (30) days of this Order, if she believes she can remedy the deficiencies described.

IT IS SO ORDERED.

DATED this 27th day of November, 2024.

_____
Adrienne Nelson
United States District Judge